UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*IN RE: NESTED BEAN, INC. WEIGHTED SLEEP PRODUCTS LITIGATION,*

This Document Relates to:
All Actions

Master File No. 24-CV-11299

**JOINT STATUS REPORT FROM THE PARTIES PURSUANT TO LOCAL RULE 16.1**

Plaintiffs Amanda Otto, Amy Hawes, Roz Saedi, Lauryn Massari, and Aziza Salameh ("Plaintiffs"), and Defendant Nested Bean, Inc., by and through their counsel, submit this Joint Status Report pursuant to Local Rule 16.1 in advance of the Scheduling Conference scheduled for February 11, 2025.

**I.     The Parties' Positions**

*Plaintiffs' Position*

Plaintiffs, who are consumers in California, New York, Illinois and Massachusetts, bring nationwide class action claims on behalf of consumers seeking relief for economic harms suffered by purchasing weighted sleep products (hereinafter, the "Products") for their kids that were manufactured, marketed and sold by Defendant Nested Bean, Inc. ("Nested Bean"). Nested Bean's marketing and labeling of the Products centers on a campaign promoting that they improve sleep, are safe and comply with scientific, medical and industry guidance, and regulatory standards for baby sleep products, while completely omitting that the weight of the reliable scientific evidence concludes the Products pose a risk of harm to children. On all Product pages, and consistent in its labeling and marketing, Nested Bean has advertised, and continues to advertise, the Products as being "safe" without disclosing the risks to children.

No reasonable consumer would purchase or pay a premium price for the Products if they knew the weight of the credible scientific and medical evidence concludes that the Products pose a risk of serious harm and do not meet scientific, medical and industry guidance, and regulatory standards. Plaintiffs and other consumers purchased the Products and paid a premium price based on Nested Bean's misrepresentations and omissions regarding the Products. Had Plaintiffs and other consumers been aware of the risks of danger, and/or that the Products do not comply with scientific, medical and industry guidance, and regulatory standards, they would not have purchased the Products, or would have paid significantly less for them. As such, Plaintiffs and other consumers have been financially injured by Nested Bean's deceptive practices.

Plaintiffs seek an Order certifying the classes proposed in the Complaint, economic monetary, actual, and compensatory damages, statutory, treble, and punitive damages, declaratory relief stating Defendant's actions are unlawful, injunctive relief prohibiting Defendant from engaging in the unlawful conduct described in the complaint, attorneys' fees and costs, pre- and post-judgment interest, and other relief the Court deems proper.

*Defendant's Position*

The Defendant's weighted sleep products have never harmed any child and no such harm is alleged. Defendant expects that the Plaintiffs will testify that no harm came to their children from the use of any of Defendant's products and that they used Defendant's products successfully until their children outgrew them, thus receiving their full benefit. The handful of lawyer-sourced customers that constitute the Plaintiffs here, when compared to the numerous customers who fully endorsed Defendant's products will, among other things, result in no class certification here. The "reliable scientific evidence" of potential harm alleged by Plaintiffs will turn out to be unreliable and the actual scientific evidence (as well as positive real-world experience by thousands of

customers) will support the conclusion that Defendant's products are, indeed, safe when used as intended and instructed and their use confers a benefit commensurate with their cost for both child and parents.

## II.     Proposed Schedule for Discovery and the Filing of Motions

The Parties propose the following discovery and motion schedule, which is memorialized in the Proposed Order submitted to this Court.

### a.    **Initial Disclosures**.

Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this Court's Notice of Scheduling Conference must be completed by **February 28, 2025** (and will include documents already provided to Plaintiffs in connection with mediation conducted in December, 2024).

### b.    **Amendments to Pleadings**.

Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after **August 1, 2025.**

### c.    **Fact Discovery – Interim Deadlines**.

All requests for production of documents and interrogatories must be served by **June 4, 2025**. All requests for admission must be served by **September 5, 2025**. All depositions, other than expert depositions, must be completed by **October 31, 2025.**

### d.    **Final Fact Discovery Deadline**.

All discovery, other than expert discovery, must be completed by **October 31, 2025**.

### e.    **Status Conference**

A status conference will be held on **November 7, 2025,** at **9:00 a.m.**/p.m. remotely. By **November 4, 2025**, the parties shall file a status report indicating the current status of the case, including whether the parties intend to seek expert discovery and/or intend to file any dispositive

motions, whether the parties are interested in mediation, as well as any other matter relevant to the progress of the case.

    **f.**    **Expert Discovery**.

Plaintiff(s)' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **November 21, 2025**. Plaintiff(s)' trial experts must be deposed by **January 23, 2026**. Defendant's trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **December 5, 2025**. Defendant's trial experts must be deposed by **February 5, 2026** .

    **g.**    **Class Certification and Summary Judgment Motions**.

Motions for class certification and summary judgment must be filed by **March 10, 2026**.

Oppositions to class certification and summary judgment motions must be filed within 40 days after service of the motion or by **April 21, 2026**, whichever is later.

**III.**    **Certifications**

Certifications from counsel for each party pursuant to Local Rule 16.1(d)(3) are attached as exhibits to this Joint Status Report.

DATED: February 4, 2025

By: /s/ *Elizabeth Ryan*
Elizabeth Ryan (BBO No. 549632)
**BAILEY & GLASSER, LLP**
176 Federal Street, 5th Floor
Boston, MA 02110
(617) 439-6730
eryan@baileyglasser.com

Bart D. Cohen
**BAILEY & GLASSER, LLP**
1622 Locust Street
Philadelphia, PA 19103
(215) 274-9420
bcohen@baileyglasser.com

By: /s/ *Zachary Arbitman*
Alan M. Feldman
Zachary Arbitman
George Donnelly
**FELDMAN SHEPHERD WOHLGELERNTER TANNER WEINSTOCK & DODIG, LLP**
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
T: (215) 567-8300
F: (215) 567-8333
afeldman@feldmanshepherd.com
zarbitman@feldmanshepherd.com
gdonnelly@feldmanshepherd.com

By: /s/ *Benjamin Heikali*
Benjamin Heikali
**TREEHOUSE LAW**
2121 Avenue of the Stars, Suite 2580
Los Angeles, CA 90067
Tel:    (310) 751-594
Email: bheikali@treehouselaw.com

By: /s/ *Melissa S. Weiner*
Melissa S. Weiner
**PEARSON WARSHAW, LLP**
328 Barry Avenue S., Suite 200
Wayzata, MN 55391
Tel: 612-389-0600
Fax: 612-389-0610
mweiner@pwfirm.com

*Attorneys for Plaintiffs*

5

| | |
|---|---|
| DATED: February 4, 2025 | By: *Stephen F. Gordon*<br>Stephen F. Gordon (BBO No. 203600)<br>Todd B. Gordon (BBO No. 652482)<br>**THE GORDON LAW FIRM LLP**<br>57 River Street, Suite 200<br>Wellesley, MA 02481<br>Tel: (617) 261-0100<br>sgordon@gordonfirm.com<br>tgordon@gordonfirm.com<br><br>*Attorneys for Defendant Nested Bean, Inc.* |

6